IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN ROBERT HOWERIN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-394-GMS |
| | ) |
| JESSICA L. VOROUS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, John Robert Howerin, Jr., ("Howerin"), an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He was incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, when he commenced this action. Howerin appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) He requests counsel. (D.I. 6, 19.)

## I. BACKGROUND

On February 23, 2016, Howerin reported to probation in Dover, Delaware, and was arrested by the defendant Jessica L. Vorous ("Vorous"), a probation/parole officer of the Delaware Department of Correction. He alleges that upon his arrest he was not: (1) provided a preliminary hearing; (2) notified of any hearing; (3) notified of the alleged violations; or

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

(4) provided the right to counsel for "that preliminary hearing." (D.I. 3 at 5.) He was taken to the VCC and had to argue with staff to obtain a bail call. Howerin alleges that he never received any paperwork regarding the allegations or a violation summary.

Howerin met with public defender Jaime Walker ("Walker") via video conference approximately one week later regarding the matter. Howerin alleges that Walker did not have knowledge of the full allegations against Howerin and did not receive the paperwork on the matter until the day of the violation of probation ("VOP") revocation hearing. Howerin alleges that the lack of knowledge of his VOP case caused anxiety because he was unable to fully defend himself "in a proper manner with his public defender due to the lack of information." (*Id.* at 6.)

Howerin alleges violations of his right to procedural due process, the 14th Amendment, and Rule 32.1 of the Federal Rules of Criminal Procedure. He seeks Vorous' resignation, compensatory damages, and dismissal of the remainder of his VOP sentence and probation.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Howerin


proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Howerin leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_\_U.S.\_\_, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed,

however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

#### A. Habeas

To the extent that Howerin attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. 2011) (unpublished). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explains that,"a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Howerin has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. Thus, to the extent Howerin seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326.

### B.     Due Process

Howerin alleges that he was arrested by Vorous without his full knowledge of the allegations him and that she failed to provide him the documents to which he was entitled. A "person's right to reasonable notice of a charge against him . . . [is] basic in our system of jurisprudence." *In re Oliver*, 333 U.S. 257, 273 (1948). It is well-settled that due process requires an accused to be informed of the specific charge against him, and that reasonable notice "sufficiently apprises the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763 (1962). The Supreme Court has never held that "the only constitutionally sufficient means of providing the notice required by the Sixth and Fourteenth Amendments is through the charging document." *Hartman v. Lee*, 283 F.3d 190, 195 (4th Cir.

2002). Indeed, federal courts considering the issue have held that the due process notice requirement may be satisfied even if the indictment or information was deficient so long as the defendant received actual notice of the charges against him and the inadequate indictment did not lead to a trial with an unacceptable risk of convicting the innocent. *See Hartman*, 283 F.3d at 195. In addition, a probation officer's petition and report for revocation satisfies the written notice requirement under Federal Rule of Criminal Procedure 32.1 in federal revocation of supervised release proceedings, which are similar to State VOP proceedings. *See United States v. Littlejohn*, 508 F. App'x 123, 128 (3d Cir. 2013) (unpublished); *United States v. Barnhart*, 980 F.2d 219, 223 (3d Cir. 1992). Accordingly, in order for notice to be effective, "it need only assure that the [probationer] understands the nature of the alleged violation." *United States v. Sistrunk*, 612 F.3d 988, 992 (8th Cir. 2010).

The allegations of the complaint acknowledge that Howerin received a bail hearing, he was provided counsel and, either he or his defense counsel, received the required paperwork prior to the VOP revocation hearing. Thus the allegations demonstrates that Howerin's due process right of "written notice" was satisfied given that he received a copy of the "paperwork" report prior to the 2010 VOP hearing. In addition, as the complaint indicates, counsel represented Howerin at the VOP revocation hearing wherein it appears he was found guilty.

Howerin alleges that Vorous violated Fed. R. Crim. P. 32.1. That rule, however, is inapplicable given that Vorous was charged in State Court. To the extent Vorous relies upon violations of Delaware Superior Court Criminal Rule 32.1 the claim also fails. Without belaboring the point, it is clear from his allegations that Howerin had notice of the alleged violations, was present at the VOP hearing with counsel, and had the opportunity to be heard.

The allegations simply do not rise to the level of constitutional violations. Therefore, the complaint will be dismissed as frivolous pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the court will: (1) dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); and (2) deny as moot the plaintiff's requests for counsel (D.I. 6, 19). The court finds amendment futile.

An appropriate order will be entered.

Oct 14, 2016

UNITED STATES DISTRICT JUDGE